UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/10/2020_____

VOLKSWAGEN OF AMERICA, INC.,

                    Plaintiff,

       -against-

GPB CAPITAL HOLDINGS, LLC,

                 Defendant.

20 Civ. 1043 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On February 6, 2020, Plaintiff filed a complaint with attached exhibits. Plaintiff moved to seal the complaint and exhibits, and also sought to file that motion and its supporting declaration under seal. The Honorable Colleen McMahon granted Plaintiff's motion temporarily, ordering that Plaintiff's filings would remain under seal until February 12, 2020, to allow this Court to assess the motion on its merits. The Court having done so, Plaintiff's motion is DENIED.

A presumptive right of access attaches to "judicial documents," which are those "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006) (internal quotation marks and citation omitted). If the right of access applies, the court must determine the weight to be accorded to the right and then balance the right against countervailing factors, including but not limited to "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks and citation omitted). The common law right of access is complemented by a "qualified First Amendment right to attend judicial proceedings and . . . access certain judicial documents." *Hartford Courant Co. v. Pellegrino,* 380 F.3d 83, 91 (2d Cir. 2004). In situations when a qualified First Amendment right applies, access may be withheld only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch,* 435 F.3d at 120 (internal quotation marks and citation omitted).

"[P]leadings . . . are [j]udicial records subject to a presumption of public access" under both the common law and the First Amendment. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016); *see also Coventry Capital US LLC v. EEA Life Settlements, Inc.*, No. 17 Civ. 7417, 2017 WL 5125544, at *2 (S.D.N.Y. Nov. 2, 2017) ("A complaint and its exhibits are judicial documents subject to the presumptive right of access under both the common law and the First Amendment because access to the complaint is almost always necessary if the public is to understand a court's decision." (internal quotation marks and citation omitted)). Consequently, Plaintiff's motion can prevail only if it makes a specific showing that sealing is essential to preserve higher values.

The only basis that Plaintiff puts forward for sealing is that "[t]he Complaint and its exhibits contain information the parties intended to keep confidential when they entered into the settlement." Pl. Mem. at 2. That contention is insufficient to justify sealing. "Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Bernstein v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) (collecting cases). Moreover, the agreement on which Plaintiff relies provides that "[t]he [p]arties shall keep the existence and terms of this [a]greement strictly confidential, and shall disclose such terms to third parties *only if required to do so by order of court . . . .*" Feil Decl. Ex. 1 ¶ 19 (emphasis added). Whatever interest Plaintiff has in the confidentiality of the agreement is weakened by the fact that "[t]he confidentiality provision also expressly anticipates and allows for disclosure." *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 414 (S.D.N.Y. 2014).

Accordingly, Plaintiff's motion to seal (1) the complaint and its attachments, (2) the motion for sealing, and (3) the affidavit in support of the motion and its attachments is DENIED. Consistent with Chief Judge McMahon's order, the Clerk of Court is directed to unseal all filings in this action on **February 12, 2020,** at **5:00 p.m.**

SO ORDERED.

Dated: February 10, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge