USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    7/22/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VOLKSWAGEN GROUP OF AMERICA, INC.,

Plaintiff,

v.

GPB CAPITAL HOLDINGS, LLC,

Defendant.

CASE NO: 1:20-CV-01043 (AT) (SN)

**STIPULATION AND ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL**

Subject to the approval of the Court, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties to this litigation through their respective counsel, that the following provisions of this Protective Order (the "Protective Order") shall govern the exchange of confidential information in this matter:

1.      Counsel for any party, person or entity producing in discovery may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as "Confidential" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client as detailed in the paragraphs below.  It is the intent of the parties and of the Court that information will not be designated as Confidential for tactical reasons and that nothing shall be designated as Confidential without a good faith belief that there is good cause why it should not be part of the public record in this case.

2.      "Confidential Information" means commercially sensitive, non-public business information, sensitive personal or financial information, which is either restricted by law or would likely, in the good faith opinion of the designating party, harm the designating party's business, commercial, financial, or personal interests or cause the designating party to violate his, her, or its

privacy or confidentiality obligations to others, that is produced in this litigation.  Notwithstanding

the foregoing, Confidential Information shall not include (1) any information which was lawfully

and properly in the possession of any party as of the commencement of this lawsuit and was not

shared as confidential information in the first instance, or (2) any information which is in the public

domain.

       3.      Information and documents may be designated as Confidential Information by any

party to this action, whether or not the designating party is the producing party.  Information and

documents may also be designated as Confidential Information by the person or entity producing

it, whether or not the producing party is a party to this action. Such designations may only be made

if the information and documents are (a) produced or served, formally or informally, pursuant to

the Federal Rules of Civil Procedure, Court Order, or in response to any other formal or informal

discovery request in this action; and/or (b) filed with the Court.  Information and documents

designated as Confidential Information are to be stamped "CONFIDENTIAL."

       4.      Unless ordered by the Court or otherwise provided for herein, the Confidential

Information disclosed will be held and used by the person receiving such information solely for

use in connection with the above-captioned action. Confidential Information shall not be used for

any purpose separate or distinct from this litigation.

       5.      Any party may challenge the confidential treatment of any document designated by

another party at any time, on the grounds that the information or material should not have been

marked for confidential treatment.  In the event that a party challenges another party's designation,

counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the

challenging party may thereafter seek resolution by the Court.  The burden rests on the designating

party seeking confidentiality to demonstrate that the designation is appropriate.  Nothing in this

Protective Order constitutes an admission by any party that Confidential Information disclosed in

this case is relevant or admissible. Each party specifically reserves the right to object to the use or

admissibility of all Confidential Information disclosed, in accordance with applicable laws and

court rules.   A party's election not to challenge the Confidential treatment of any document

produced by any other party shall not be construed as an admission that such document satisfies

the criteria set forth in this Order for designation of Confidential Information.

6.      Information or documents designated as "Confidential Information" may be

disclosed, summarized, described, characterized, or otherwise communicated or made available in

whole or in part, only to the following persons:

a.      the parties to this action, including in-house counsel;
b.      outside counsel of record for parties and any other counsel employed by any party to this action, and regular or temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of this action for use in accordance with the Protective Order;
c.      subject to Paragraphs 7 and 8, experts, consultants, and investigators (including their professional staff) assisting counsel for parties that have appeared in this action;
d.      any person indicated to be the author, addressee, or a copy recipient of the Confidential Information, or any other person who otherwise is shown to have knowledge of the Confidential Information, the receipt of which is not otherwise a violation of this Protective Order;
e.      subject to Paragraphs 7 and 8, witnesses, noticed or subpoenaed deponents, and their counsel, who counsel for a party in good faith believes may be called to testify at trial or deposition in this action. Those witnesses or deponents who are shown Confidential Information shall not be allowed to retain copies;
f.      the Court, court personnel, any appellate court having jurisdiction of any appeal of this action, and jurors, potential jurors, or alternate jurors;
g.      court reporters and videographers (and their staff) employed in connection with this action;
h.      subject to paragraphs 7 and 8, any mediators or arbitrators that the parties engage in this action or that this Court may appoint; and
i.      any other person only upon order of the Court or upon stipulation of the party that produced the Confidential Information.

7.      Prior to disclosing or displaying Confidential Information to any person listed in

Paragraph 6(c), (e), and (h), counsel shall:

      a.      inform the person of the confidential nature of the information or documents;

      b.      inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person;

      c.      provide the person with a copy of this Protective Order.

8.      The Confidential Information may be displayed to and discussed with the persons

identified in 6(c), (e), and (h) only on condition that prior to any such display each person must

sign an agreement to be bound by this Order in the form attached hereto as Exhibit A.  In the event

that such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring

to disclose the Confidential Information may seek appropriate relief from the Court.  Counsel who

makes any disclosure of Confidential Information shall retain each executed copy of Exhibit A.

9.      Each person who has access to Confidential Information shall take all due

precautions to prevent the unauthorized or inadvertent disclosure of such material.

10.     The designating party may waive the confidentiality provisions of this Protective

Order as to any information designated as Confidential Information or any portion thereof only by

explicit written waiver.  Such waiver shall not result in a waiver of the confidential status of any

other information deemed Confidential Information pursuant to this Protective Order.  Use of

information acquired through independent search or investigation (other than discovery from the

parties to this action or non-party discovery obtained in this action) or which is in the public

domain shall not be restricted by the terms of this Protective Order.

11.     Any party who either objects to any designation of Confidential Information

asserted by any other party or subpoenaed person or entity, or who, by contrast, requests further

limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating party a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, counsel for all affected parties are instructed to follow Local Civil Rule 37.2 and the procedures set forth in this Court's Individual Practices Rule II.C.  If any party challenges the designation of any Confidential Information, the burden to properly maintain the designation shall, at all times, remain with the party that made the designation to show that said document or information should remain Confidential Information. Any party who disagrees with the Confidential Information designation must nevertheless abode by the designation until the matter is resolved by agreement of the parties or by order of the Court.

12.     If any party becomes legally compelled to disclose any Confidential Information of another party (whether by lawful subpoena, judicial or administrative order, applicable law, rule or regulation, or otherwise), that party shall use all reasonable efforts to provide the other parties with prior notice thereof, unless precluded by applicable laws or rules. Such prior notice, if permitted by time or allowed under the request, should be at least ten (10) days prior to any disclosure. Any party wishing to protect its Confidential Information or prevent such disclosure shall bear the burden and cost to do so.

13.     If any party contends that it inadvertently produced material without marking it with the appropriate confidentiality designation or inadvertently produced material with an incorrect confidentiality designation (the "Inadvertently Disclosed Information"), the producing party may give written notice to the receiving party or parties, including appropriately stamped substitute copies of the Inadvertently Disclosed Information.   Any Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or

work product protection with respect to the Inadvertently Disclosed Information and its subject matter.  Within five (5) business days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked or mismarked items and all copies thereof and provide written confirmation to the producing party, unless the receiving party seeks to dispute that the Inadvertently Disclosed Information is privileged or otherwise protected as set forth below.  Until the dispute is resolved or ruled upon, the receiving party shall undertake to keep such Inadvertently Disclosed Information restricted solely for use in connection with the dispute over the privilege or protection.

14.     Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.  The receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The producing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.  Nothing in this Protective Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

15.     The testimony of any witness deposed on oral examination shall be deemed Confidential Information for a period of five (5) business days after receipt by counsel of the transcript of the deposition, unless an extended period of time is agreed to between counsel to the parties either during the deposition or after counsel's receipt of the transcript of the deposition. The fact that a question posed at a deposition would elicit Confidential Information shall not be grounds for an objection but shall be grounds for sequestration of any deposition attendee not permitted to receive Confidential Information by the terms of this Protective Order, prior to the answering of such question.  If counsel believes that the deposition transcript or a portion thereof

constitutes Confidential Information, counsel shall designate by page and line number, in writing, to opposing counsel within the five-business day period those portions of the transcript constituting Confidential Information.  Any portion that is not designated is deemed not to contain Confidential Information.  The Protective Order shall not preclude counsel for the parties from using during any deposition in this action any documents or information that has been designated as Confidential Information.

16.     All information subject to confidential treatment in accordance with the terms of this Protective Order that is filed with the Court, including any pleadings, motions or other papers filed with the Court that includes Confidential Information, shall be filed under seal to the extent permitted by law (including, without limitation, any applicable rules of court) and shall be kept under seal until further order of the Court.  It shall be the obligation of the party filing any pleadings, motions or other papers with the Court that contain Confidential Information to comply with the applicable rules of court, including the Court's Individual Practices, regarding redaction and filing under seal, including Rule IV.A of this Court's Individual Practices in Civil Cases. To the extent that the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Protective Order or measures necessary to comply with Court rules regarding redactions and filing under seal), it shall be the obligation of the designating party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only the portions of the filings containing Confidential Information shall be filed under seal.

17.     All parties are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any discovery material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential Information. The Court also

retains unfettered discretion whether or not to afford "Confidential" treatment to any Confidential Information contained in any document submitted to the Court in connection with any motion, application, or any motion, application, or proceeding that may result in an order and/or decision by the Court.

18.     This Protective Order may be amended by the agreement of counsel for the parties in the form of a written and executed amendment to the Protective Order.

19.     This Protective Order shall survive the termination of the litigation. At the conclusion of the litigation, the Confidential Information and any copies thereof shall be promptly (and in no event no later than sixty (60) days after entry of final judgment no longer subject to further appeal) returned to the designating party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that such files will remain confidential.

20.     Pending court approval of this Protective Order, the parties agree to abide by all of its terms, as if it had been approved by the Court.

21.     Nothing in this Protective Order shall limit a party's use of its own information or material or prevent a party from disclosing its own information or materials to any person. Such disclosure shall not affect any designation made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

22.     Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

23.     The foregoing is without prejudice to the right of any party to apply to the Court

for any further Protective Order relating to Confidential Information; or to object to the production

of documents or information; or to apply to the Court for an order compelling production of

documents or information; or for modification of this order. This Order may be enforced by any

party and any violation of this order may result in the imposition of sanctions by the Court.


Dated: New York, New York
       July 22 , 2020


**BAKER HOSTETLER LLP**

By: *Billy M. Donley*
Billy M. Donley (*pro hac vice*)
bdonley@bakerlaw.com
David R. Jarrett (*pro hac vice*)
djarrett@bakerlaw.com
811 Main Street, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile:  (713) 751-1717

Matthew D. Feil
mfeil@bakerlaw.com
45 Rockefeller Plaza
New York, New York 10111-0100
Telephone: (212) 589-4200
Facsimile:  (212) 589-4201

ATTORNEYS FOR VOLKSWAGEN
GROUP OF AMERICA, INC.

**AKERMAN LLP**

By: */s/ Scott M. Kessler*
Scott M. Kessler
Scott.Kessler@akerman.com
520 Madison Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 880-3800
Facsimile:  (212) 880-8965

Brit T. Brown, admitted *pro hac vice*
Brit.Brown@akerman.com
Benjamin A. Escobar, admitted *pro hac vice*
Benjamin.Escobar@akerman.com
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile:  (713) 960-1527

ATTORNEYS FOR DEFENDANT
GPB CAPITAL HOLDINGS, LLC


**It is So Ordered**



_____
ANALISA TORRES
United States District Judge

## EXHIBIT A

       I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Volkswagen Group of America, Inc. v. GPB Capital Holdings, LLC,* Civil Action No. 1:20-cv-01043 (AT) (SN), have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court and cannot be disclosed to any person or used for any purpose other than in this litigation.

       I have read the foregoing statement and the Protective Order and hereby agree that I will comply with the Protective Order and will not disclose any document labeled "CONFIDENTIAL" or any information contained in any document labeled "CONFIDENTIAL" to any person other than attorneys involved in this litigation. I further agree not to use any document labeled "CONFIDENTIAL" or any information contained in any document labeled "CONFIDENTIAL" for any purpose other than this litigation.

Dated: _____

_____
**NAME**